IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CLEARONE COMMUNICATIONS, INC., | * * * | |
| Plaintiff, | * * | |
| | * | MC 118-014 |
| v. | * * | |
| ANDREW CHIANG, et al., | * * | |
| Defendants. | * * | |

O R D E R

Presently pending before the Court are Donald Bowers' motion to dismiss (Doc. 6), request for decision (Doc. 7), and second request for decision (Doc. 16), as well as ClearOne Communication, Inc.'s ("ClearOne") motion for extension of time to respond to the motion to dismiss (Doc. 8). For the following reasons, Bowers' motions are **DENIED** and ClearOne's motion is **GRANTED**.

I. BACKGROUND

On September 17, 2018, ClearOne registered a foreign judgment from the United States District Court for the District of Utah in this District pursuant to 28 U.S.C. § 1963. (Doc. 1.) The request filed with the Court included the District of Utah's Clerk Certification of Judgment to be Registered in Another District and a copy of the Judgment. (Docs. 1-1, 1-2.) The original judgment

from the District of Utah was issued on December 8, 2011 for civil contempt and entered in favor of ClearOne to be paid by Donald Bowers, individually, for $22,743.88 and to be paid by Donald Bowers, Lonny Bowers, Jun Yang, WideBand Solutions of Massachusetts, and Dial HD, jointly and severally, for $184,506.52.  (Doc. 1-2.)

Also on September 17, 2018, the Clerk of Court issued a Writ of Execution against Bowers.  (Doc. 2.)  On November 27, 2018, the United States Marshal filed a Nulla Bona Return certifying he received the Writ of Execution and was unable to locate any goods at that time.  (Doc. 3.)  Then, on December 7, 2020, two years after the foreign judgment was registered and the Writ of Execution was issued, Bowers filed the currently pending motion to dismiss the registration and writ.  (Doc. 6.)  He argues the filing of the foreign judgment is time barred pursuant to O.C.G.A. § 9-3-20 and due to ClearOne's failure to comply with the Uniform Enforcement of Foreign Judgment Law ("UEFJL") and O.C.G.A. § 9-12-130.  (Id. at 1.)

## II. DISCUSSION

A judgment is registered in another district pursuant to 28 U.S.C. § 1963 and then is enforced by a writ of execution under Federal Rule of Civil Procedure 69.  28 U.S.C. § 1963 provides that a judgment for the recovery of money entered in any district

2

court may be registered by filing a certified copy of the judgment in any other district when the judgment has become final by appeal or expiration of time for appeal or when ordered by the court that entered the judgment for good cause shown. 28 U.S.C. § 1963. Rule 69 provides the means of execution of the foreign judgment *after* registration has occurred. It provides that a money judgment is enforced by a writ of execution, and that the procedure on execution must accord with the procedure of the state where the court is located. FED. R. CIV. P. 69(a). In this instance, since the foreign judgment is registered in Georgia, Georgia law applies to the *execution* of the judgment, not the registration of it.

Bowers argues in his motion to dismiss that the filing of the foreign judgment is time barred pursuant to O.C.G.A. § 9-3-20 and ClearOne's failure to comply with the UEFJL and O.C.G.A. § 9-12-130. (Doc. 6, at 1.) He argues ClearOne violated O.C.G.A. § 9-12-130 because it did not follow the procedures of the UEFJL when it filed the Utah judgment in Georgia. (Id. at 3.) Then, he argues the foreign registration is time barred because it was registered more than five years after issuance of the judgment, in violation of O.C.G.A. § 9-3-20. (Id. at 4.) Therefore, Bowers requests the Court vacate the registration of the foreign judgment and writ of execution and dismiss this case. (Id. at 6.)

ClearOne filed a motion for leave to respond to the motion to dismiss out of time because of inadvertently missing the response

3

deadline during the COVID-19 pandemic. (Doc. 8.) Bowers opposes the motion. (Doc. 10.) Upon due consideration, ClearOne's motion (Doc. 8) is **GRANTED** and the Court construes ClearOne's response (Doc. 9) as timely filed in order to analyze the motion to dismiss on the merits instead of due to a procedural mistake.

In response to Bowers' motion to dismiss, ClearOne argues O.C.G.A. § 9-12-130 does not apply because it did not seek *domestication* in Georgia of the Utah judgment, and O.C.G.A. § 9-12-130 only applies when dealing with domestication of foreign judgments. (Id. at 2-3.) Instead, ClearOne argues 28 U.S.C. § 1963 applies and was properly followed when registering the foreign judgment in this Court. (Id. at 3-5.) ClearOne argues the judgment is not time barred because 28 U.S.C. § 1963 provides no time limit for registering the judgment. (Id. at 5.) Furthermore, it argues that according to Guin v. Alarm Detection Indus., Inc., 628 S.E.2d 376 (Ga. Ct. App. 2006), the Utah judgment is not a foreign judgment under UEFJL because pursuant to 28 U.S.C. § 1963, the Utah judgment is no longer foreign after being registered in this Court. (Id. at 4-5.) Finally, in response to Bowers' argument that the registration of the judgment is also time barred under Georgia law, ClearOne argues that pursuant to Corzo Trucking Corp. v. West, 636 S.E.2d 39, 40 (Ga. Ct. App. 2006), Georgia law has a ten-year statute of limitations for the enforcement of a judgment therein so it is not time barred. (Id. at 6.)

4

Bowers replied in support of his motion to dismiss, arguing ClearOne did not follow the correct procedures or provide the right notices when registering its foreign judgment. (Doc. 12-1, at 1-4.) He also asserts that Guin and Corzo are inapplicable here because they are not analogous to this case. (Id. at 5-9.) Further, Bowers requests sanctions against ClearOne for being misleading and violating Federal Rules of Civil Procedure and Georgia law. (Id. at 9-10.)

After reviewing the Parties' briefs and arguments, the Court finds that Bowers' motion to dismiss is **DENIED**. Pursuant to 28 U.S.C. § 1963, the Utah judgment was properly filed in this Court by ClearOne back in 2018, and the Clerk of Court properly issued a writ of execution upon registration of the foreign judgment. (See Docs. 1, 2.) Bowers' arguments about the registration being out of time are without merit because 28 U.S.C. § 1963 provides no time limit for registering a foreign judgment, aside from ensuring it is after the appeal period has run. Furthermore, Bowers' reliance on various Georgia statues is misplaced because, as explained above, the Georgia laws deal with the execution of the writ; however, the registration of the foreign judgment itself comes from 28 U.S.C. § 1963 and does not work in tandem with the Georgia statutes in that capacity.

Once the Utah judgment was registered in this Court, it became a new Georgia judgment. See 28 U.S.C. § 1963 ("A judgment so

registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner"). Therefore, any time clock in Georgia did not start ticking until registration of the foreign judgment took place on September 17, 2018, and since that was only four years ago, none of Bowers' cited time bars are triggered yet. Based on these findings, Bowers' arguments in his motion to dismiss are unavailing, and his motion to dismiss (Doc. 6) is **DENIED**. Furthermore, since the Court has now ruled on the motion to dismiss, Bowers' requests for decision (Docs. 7, 16) are **DENIED AS MOOT**.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Donald Bowers' motion to dismiss (Doc. 6) is **DENIED** and his request for decision (Doc. 7), and second request for decision (Doc. 16), are **DENIED AS MOOT**. ClearOne's motion for extension of time to respond to the motion to dismiss (Doc. 8) is **GRANTED**. This case remains closed.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of December, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA